IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RANDY J. BABB, | | No. 2:14-cv-0516-CMK-P |
| | Petitioner, | |
| | vs. | FINDINGS AND RECOMMENDATION |
| RICK HILL, | | |
| | Respondent. | |
| _____/ | | |

Petitioner, a state prisoner proceeding with counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On November 19, 2014, the court issued petitioner an order to show cause, within 30 days, why this case should not be summarily dismissed for failure to raise a federally cognizable claim. To date, no response to the order to show cause have been received.[1]  Petitioner was warned that failure to respond to the order to show cause may result in the dismissal of this action for the reasons outlined as well as for failure to prosecute and comply with court rules and orders.  See Local Rule 110.

---

[1] Although it appears from the file that the order was returned, petitioner was properly served.  It is the responsibility of the parties to keep the court apprised of their address of record at all times.  Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

1

1         The court must weigh five factors before imposing the harsh sanction of
2  dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.
3  U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's
4  interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)
5  the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on
6  their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,
7  46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an
8  appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.
9  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is
10 appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,
11 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to
12 comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,
13 1260-61 (9th Cir. 1992).

         Having considered these factors, petitioner's failure to show cause, and for the reasons outline in the court's November 19, 2014, order, the court finds that dismissal of this action is appropriate.

         Based on the foregoing, the undersigned recommends that this action be summarily dismissed for failure to raise a federally cognizable claim establishing petitioner is entitled to relief in this court, and for petitioner's failure prosecute and comply with court rules and orders.

         These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written

/ / /

/ / /

/ / /

1 objections with the court.  Responses to objections shall be filed within 14 days after service of

2 objections.  Failure to file objections within the specified time may waive the right to appeal.

3 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 DATED: April 24, 2015

*(signature)*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

3